CITY OF HATTIESBURG *v.* REYNOLDS.

[86 South. 853, No. 21504.]

1. JUDGMENT. *Where variance between declaration and proof material, plaintiff cannot recover without amending.*
   Where there is a material variance between the declaration and the proof, the plaintiff cannot recover without amending his declaration to conform to the proof.

2. MUNICIPAL CORPORATIONS. *Municipality not liable for injuries from defect in street, in absence of notice.*

A municipality is not liable in damages sustained by a traveler on its streets because of a defect therein, unless it had either actual or constructive notice of such defect.

APPEAL from circuit court of Forrest county.
HON. R. S. HALL, Judge.

Action by F. M. Reynolds against the city of Hattiesburg. From a judgment for plaintiff, defendant appeals. Reversed and rendered.

*C. E. Hill,* for appellant.

The municipalities are not insurers of the safety of persons using streets and sidewalks. The only duty devolving upon them is to use ordinary care to provide reasonably safe streets and sidewalks for persons using due care and prudence. They are not required to anticipate every danger that might arise, and in this case the city was only required to provide a bridge that would be reasonably safe for the ordinary purposes for which bridges of this kind are used, namely, that of crossing. (13 R. C. L., Highways, sec. 304), and had appellee been using the bridge at any point thereon ordinarily used by pedestrians in getting from the sidewalk on New Orleans street to Second street, or from Second street to the sidewalk on New Orleans street, as he charged in the declaration he was doing, then the accident would not have occurred.

At the close of the evidence for appellee, the appellant moved the court to exclude the evidence and grant a peremptory instruction to find for appellant, for the reason the proof failed to show that the city had either actual or constructive notice that the planks in the bridge were loose, and because of the variance between the allegations and the proof. The motion was overruled. At the close of the evidence for both sides, the motion was renewed. Among the grounds assigned being that the testimony for appellant showed affirmatively that the city had received neither actual or constructive notice that the planks were

loose. This motion too, was overruled. Lack of notice was thus called to the court's attention three times, first by demurrer, and then by the two motions for the peremptory instruction. And in fact, for a fourth time, to-wit, by the fifth instruction for appellant, and it also, was refused. It was also assigned among the grounds in the motion for a new trial.

The motion should have been sustained. The rule is universal that the municipality must have notice of the defect for a sufficient length of time before the accident, to have cured it and prevented the injury, except in cases where the defect is authorized or created by the city itself. *Cohea* v. *Coffeeville*, 69 Miss. 561; *Greenwood* v. *Harris*, 42 So. 538; *Town of Union* v. *Heflin*, 61 So. 652; *Saxon* v. *Town of Houlka*, 65 So. 124; *Dahmer* v. *City of Meridian*, 71 So. 321; 6 Am. Eng. Cent. Ed., Municipal Corporations, sec. 1814 and 13 R. C. L., Highways, sec. 277, page 337. The mayor and two commissioners all testified they had no notice that the planks were loose, and had never received a complaint about the bridge.

It further appears that the point of the accident was much frequented by the public, and yet not one single witness was offered by appellee to show that loose planks had ever been observed prior to the injury by any one else, and there is no evidence to show that any one else was ever hurt there, which is competent to show that the municipality was not negligent in not observing the defect. 13 R. C. L., Highways, sec. 423.

The case of *Cook* v. *City of Alimosa*, 66 Iowa, 427, 23 N. W. 907, is so thoroughly applicable to the facts here that we submit it as conclusive of the case. A city is not chargeable with knowledge that a plank in one of its sidewalks is loose, so that, when one end is stepped on outside the sill, the other end will fly up, where it requires a close investigation to discover that the plank is loose, and the fact is known only to a few, who have either stepped on the end of the plank themselves or seen others do so."

We submit, therefore, that inasmuch as the appellee wholly failed to establish when the planks become loose,

to show whether this condition was recent or of long standing, the verdict in this case cannot stand unless this court is willing to say that the doctrine of *res ipsa loquitur* should be applied to make out a case of negligence, which cannot be done under the law as to municipalities for the reason that, while a city may construct, reconstruct, and repair its streets, and may in other ways, exercise control over them, yet there is no such management or control on its part as will justify the application of the doctrine, since they are built and maintained for the use of the traveling public and are in constant use by them, and may immediately become defective or dangerous from such constant use though, they are properly constructed and are in every respect suitable for public travel. Hence to say that the mere happening of an accident affords evidence of negligence on the part of the city would often impose upon it a liability for an accident when it was not only free from negligence, but had used the utmost care to maintain its streets in a reasonably safe condition for public travel. 13 R. C. L. Highways, sec. 362.

The motion for the peremptory instruction should have been granted also because of the variance, heretofore pointed out. It is the universal law that a plaintiff in an action to recover for injuries received by reason of defects or obstructions in a street or highway cannot allege one cause of action and recover on another. It must therefore appear that his injury occurred in the manner alleged. 13 R. C. L., Highways, sec. 411; *Beverage* v. *Rockport,* 106 Me. 223, 76 Atl. 677; *Gibbs* v. *Daytorn* (Mich.) 131 N. W. 544. The materiality of the variance is obvious, having alleged there was a hole in the bridge, caused by the removal of two planks, it devolved upon the appellee to prove facts excusing his failure to see the hole, a thing which he could not do manifestly, because the accident occurred about three o'clock, in the afternoon, and this failure to show due care and caution would have entitled the appellant to a verdict. While the declaration did allege that appellee was using due care and caution, other allegations showed the contrary.

*Talley & Mayson,* for appellee.

The appellant, in its first assignment of errors complains that the declaration was insufficient and that the demurrer should have been sustained, for the reason that it did not aver that the appellee was free from contributory negligence. Counsel are mistaken in their construction of the language of the declaration. It is specifically averred in declaration, "that his injury was due solely to the negligence of the defendant in failing to provide a reasonably safe sidewalk or a bridge over which he could walk and pass without injuries to himself and that at the time of the injury he was exercising due care and caution and that his said injuries were wholly attributable to the negligence of the defendant for not maintaining said walks in a reasonably safe condition." It is only necessary for the plaintiff to aver that he was without fault unless the concrete facts stated by him in his pleadings otherwise show that he is guilty of negligence. 2 Thompson on Negligence, sec. 2363.

However, we might remark in passing that since the passage of our comparative negligence statute, Laws 1910, Chapter 135, Hemingway's Code, secs. 300-2-3, all questions of negligence and contributory negligence are for the jury. It would naturally follow, then, that if the declaration showed a state of facts where both parties were negligent, the declaration would be good against a demurrer. The case of *Vicksburg* v. *Hennesey,* 54 Miss. 391, cited by counsel is not applicable for it holds that contributory negligence on the part of the injured is a defense. That was the law, of course, prior to the passage of the act above referred to. We challenge counsel to point out anything in the record suggestive of the contention that appellee was guilty of negligence in any respect. Counsel are in error also, when they make the statement that the declaration was fatally defective in not alleging that appellant was either at fault in the construction of the bridge or that it had actual or constructive notice of the hole in the bridge. As we have already shown, such averments

need not be set forth in the declaration. It is a question of fact as to whether it was a fault in construction or if it afterwards became faulty. Those were, of course, matters to be submitted to the jury upon proper instructions. None of the cases cited by counsel are applicable to the facts in this case. In the case of *Cohea* v. *Coffeeville,* 69 Miss. 561, 13 So. 668, the plaintiff drove upon the bridge knowing that it was unsafe and while there was no apparent necessity for driving upon it. The case was submitted to the jury who found for the town, upon the theory that the injured party was guilty of contributory negligence. All questions with reference as to the condition of the bridge, how long it had been in that condition, whether it was known to the officials, was submitted to the jury.

In the case of the *City of Greenwood* v. *Harris,* 42 So. 538, the case was reversed upon an instruction. The city had asked an instruction that unless it had been shown by a preponderance of the evidence that the defendant actually (constructively or impliedly) knew of said defects or was guilty of negligence in not knowing of such defects and that the defendant either knew of, or ought to have known of, such defects for a sufficient length of time prior to the injuries to the plaintiff to have remedied the defect, that it should find for the defendant. The court modified this instruction by inserting the words, constructively or impliedly between the words, actually and knew, as we have indicated by placing those words in parenthesis. This interpolation caused the case to be reversed. In the case of the *Town of Union* v. *Heflin,* no negligence was shown either in the construction of the sidewalk or in its maintainance. The injured party merely caught her toe between two planks. It is shown that the walk was inspected the day the accident occurred and such defects as were discovered were remedied. In the case at bar the plank had never been nailed down according to the testimony of the appellee's witnesses and according to the testimony of the appellants witnesses, if nailed down, the nails had completely rusted out, leaving none in the plank. In the case of *Saxon* v. *The Town of Houlka,* 107 Miss. 161,

65 So. 124, the testimony showed that the injured party was using the street and exercising proper care and diligence in driving over a defective part of it. He was using it in the ordinary way and he had a right to do so. He was therefore entitled to recover for the injuries. The case of *Dahmer* v. *City of Meridian* is utterly without application. The party was injured by a billboard which was the property of a private person and not of the city. He should have sued the owner of the lot or the lessee. Coming now to the instructions given for both parties we find complaint made of the first instruction given to the appellee. This instruction told the jury that the appellant should maintain its sidewalks and bridges in a reasonably safe condition and if the same were not maintained in a reasonably safe condition where the plaintiff was injured he might recover. This is a rule of universal recognition; the law requires every municipal corporation to exercise reasonable care to make and keep its streets safe for all ordinary uses for which they are open to the public and what is reasonable care is a question of fact, dependent upon the character and situation of the street or alley; 28 Cyc. 854. Complaint is also made of appellee's third instruction. This instruction told the jury that a citizen has a right to assume that all bridges and streets were safely maintained and kept, that such citizen need not especially hunt for defects but if appearance indicated that same were safe, then he had a right to rely on such appearances. No objection whatever can be urged to that instruction; if the citizen were expected to hunt and look out defects in the street and sidewalk used by him he would scarcely have time to do anything else. Certainly he can go upon the assumption that those whose duty it is to keep streets safe and who are paid to keep them safe and after he is taxed for that purpose, have performed the duty that they are reasonably safe for the use that they are designed. Objection is also made to appellant's fourth instruction because it told the jury that appellee was not negligent in going upon the street where he was injured. During the progress of the trial appel-

lant's counsel moved the court to repair to the place where the injury occurred for the purpose of inspecting the premises. Appellee was placed on the witness stand and by counsel for appellant and demonstrated to the court and jury how and where, the injury occurred; witnesses for appellant also pointed out the place. Counsel for appellant wanted to know of appellee why he did not walk in the street rather than on the sidewalk where he was going when the injury occurred. It was so apparent that when injured he was where he had a right to be and where the law expected and required him to be that this instruction was asked. It told the jury as a matter of fact and law that he was where he had a right to be-and where he ought to be when he was injured. The instructions given for appellant were extremely liberal. While the court refused the appellant's sixth instruction, the principles embodied in it were the same that had already been announced in other instructions. To show the liberality with which the court instructed the jury for appellant, we set out here appellants fourth instruction, to-wit:

"The court instructs the jury for the defendant that the law requires the plaintiff, before he can recover damages in this case, to prove by preponderance of the evidence in this case that there was a defect in the bridge across the sidewalk at the time and place of his alleged injury, and that the defect in said bridge across said sidewalk was open and notorious, and plain of view, and that it was of long standing, and of such character as would attract the passerby, and if the plaintiff has failed to prove that such defect, if any there was, was open and notorious, and that it was of long standing, and also that it was of such character as would attract the passerby, then it is the sworn duty of the jury to promptly find a verdict for the defendant."

It will be seen that as every conceivable phase of the case was fairly submitted to the jury upon instructions, the appellant undertook to show that periodical inspec-

tions were made for all bridges, and this one in partic- ular, but the evidence failed to substantiate that conten-. tion.

Of course, an examination of the bridge would have revealed this defect at once.   The defect in the sidewalk could not be discovered by driving over the street in a buggy.   We find as soon as the man was injured the city undertook to repair it but the record is silent that any inspection was ever made after the bridge was built.   There is no proof of any such.   The witnesses say that while the planks appear to be sound they are very old.   We therefore respectfully submit that the case was one for the jury and it being determined against the appellant it should be affirmed.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a judgment for damages claimed to have been sustained by the appellee by falling through a bridge in one of the appellant's streets.   The declaration alleges that, while crossing the bridge, the appellee fell through a hole therein, caused by two planks having been removed therefrom.   On the trial the appellee testified that, while on the bridge, he stepped on the ends of two of the planks therein, which, being loose, tilted, thereby causing him to fall.   When the appellee rested his case, the appellant moved the court to exclude the evidence, because of the variance between the declaration and the proof as to the cause of the injury.   This motion was overruled, and the trial proceeded to judgment on the declaration as originally filed, without any amendment being made thereto.   At the close of the evidence a request by the appellant for a peremptory instruction was refused.

This instruction should have been given for two reasons: First, the case made by the evidence was not that sued on in the declaration; and, second, there is nothing in the evidence to warrant the jury in finding that the ap-

pellant had any knowledge, either actual or constructive, of the defect in the bridge.

Reversed and judgment here for appellant.

*Reversed.*